Price, J.
We gather from the record of this case, and the arguments of counsel, that the trial in the lower court ran its course with uncommon smoothness and freedom from controversies. There were no disputes over the introduction of the evidence, and we assume that the arguments of counsel were orderly and according to the rules of decorum. It would seem that the atmosphere of the trial was so placid and serene, that the court was lulled into a degree of indifference as to what, if anything, should be said to the jury. Neither party requested further instructions as to the law, and counsel for the defendant railway company were content to enter a general exception to the charge, which charge is the sole subject of review in this Court. It is claimed here for a reversal of the judgments of the lower courts, that, (1) No charge was given to the jury, the remarks of the court not amounting to a charge in the legal sense; (2) If called a charge, that it was insufficient, and failed to properly cover the issues joined in the case.
To this it is answered by defendant in error, that owing to the simple issue made in the pleadings, the *59 court complied with the legal demand in such cases; and further, if the railway company desired further instructions, it was incumbent- upon it to request - them. Otherwise they were waived. So we have the contention of parties.
In the very brief message submitted to the jury, we find one manifest mistake. The court erroneously placed upon the plaintiff below, the burden of disproving contributory negligence charged in the answer, as a part of her case in chief. Such has never been the law in this state. But plaintiff in error was not prejudiced by this mistake, and does not complain of it here.
1. Did the court charge the jury?
Our present statutory provision on the duty of the court was first enacted May 13, 1868 (see 65 O. L., 190), and its language is: “The court, after the argument is concluded, shall immediately, and before proceeding with other business, charge the jury,” etc. This rule is now found in the seventh division of Section 5190, Revised Statutes.
The legislature did not attempt by this provision to define the scope or subject-matter of the court’s charge, but rather to cure a then prevalent habit in some jurisdictions, of taking up other business after the arguments of counsel, and before finally submitting the case to the jury.
It is well at this point to recall the very simple and narrow issue between these parties in the trial court, for it has much to do with our conclusions. The pleadings brought the issues into a very narrow compass. The gravamen of the plaintiff’s complaint, as stated in her petition, was and is, that she was a passenger in the car of the company on her way home from the western part of the city, and that as the car *60 approached the point of her destination she so signified to the conductor and the car stopped; thereupon she arose and was proceeding to alight, and that before she reached the door, the motorman, without any warning to her, suddenly started the car with a jerk, which threw her to the floor, inflicting the injuries set out fully in her petition, with her special and general damages. The answer of the company admitted that it was controlling and operating this car at the time and place alleged and that plaintiff became and was a passenger thereon; that the conductor signaled for the car to stop when it reached her destination and that it stopped; that she fell to the floor in said car and received some injuries, the extent of which defendant did not know.
Therefore, the material facts put in issue by the answer, were that the plaintiff was proceeding toward the door of the car to alight therefrom when the motorman, without warning to her, suddenly started the car with a jerk, throwing her to the floor, thereby so injuring her that she became a permanent cripple and sustained certain special and general damages.
However, it is argued for plaintiff in error, that the jury should have been instructed upon the law of exemplary damages, which instruction became necessary because of an averment in the petition, that the “employes of the company were extremely careless, negligent and reckless in starting said car before plaintiff had alighted.” True, these words are found in the closing paragraph of the petition; but all the facts making a cause of action had been previously set out, and characterizing such acts as, “extremely careless, negligent and reckless” is but the expression of the plaintiff’s opinion as to their nature, and nc *61 case was stated in the petition for exemplary damages.
Again, while the answer charged plaintiff with contributory negligence, we are not advised that any evidence was offered by the railway company on that point. Neither in the brief, or oral argument of counsel for plaintiff in error, has any claim been made that there was any evidence to sustain the charge of contributory negligence. Therefore the issue was very simple and did not call for an extended charge of the court. It would have been far better if the court had given more dutiful attention to the case, and have explained the issue to the jury, and have defined what is negligence, and what ordinary care, as well as to have given rules by which to consider and apply the evidence. But this was not very fully done.
On this subject, we are cited to the rule laid down by this Court in several cases, to the effect, that it is the duty of the court to give instructions pertinent to issues and facts in the case on trial, instead of laying down mere abstract propositions of law. This duty is defined in the second section of the syllabus in Parmlee v. Adolph, 28 Ohio St., 10; and in Coal Co. v. Estievenard, 53 Ohio St., 43. Earlier cases than these favored the same rule; among them is Railroad Co. v. Picksley, 24 Ohio St., 654. In the latter case the trial court had given sundry special instructions to the jury, before argument, at the request of the railroad company. After the argument, the court again charged the jury, which charge consisted of long extracts from opinions of this Court in various cases before it, involving questions of negligence. The charge was held erroneoxis, among other reasons, because it was calculated to deprive the defendant of *62 the benefit of the special instructions given at the close of the testimony.
In the. case of Coal Co. v. Estievenard, supra, this Court restated the rule more at large in the sixth paragraph of the syllabus. The action was to recover for a personal injury received in a coal mine, through the alleged negligence of the company. The court did enter upon a general charge of considerable length, a part of which was sound in itself, but it did not go far enough to meet the facts of the case. See opinion on page 51. Counsel for the coal company requested the court to give twelve special charges, claimed to be relative to the facts in that case, which were not given or adopted in the general charge. As shown on page 59, this Court considered the general charge as dealing with generalities rather than the facts of the case as claimed by the parties. Contributory negligence was also set up and strongly relied on in that case.
We think the above cases give us but little, if any, light upon the contention here. We do not intend to modify or recede from Avhat this Court has said in the cases cited; but how do they aid us now? The trial court in this case cannot be successfully accused of laying doAvn abstract propositions of law, or dealing in generalities; but did the court say enough to avoid reversible error?
2. With this question occurs another: What Avas the duty of counsel at the close of the court’s remarks?
Without discussing the question, avIiether the court is required of its own motion to charge the jury, we believe the rule thoroughly settled in Ohio, that if the charge as given is unobjectionable, it is no ground for error that the court failed to give other instructions which might properly have been given, unless. *63 such further, or other instructions he requested and refused. This view was expressed by this Court in Jones v. State, 20 Ohio, 34; and in Smith v. Railway Co., 23 Ohio St., 10, the same rule is maintained. While it is true, the case of Jones v. State, arose under the old practice, we find the case of Smith v. Railway Co., just noted, was decided by this Court at the December term in 1872, and of course after the enactment of the provision now known as paragraph seven of Section 5190, Revised Statutes. In the latter case, the trial court gave a very brief charge and which did not embrace all phases of the controversy.
In commenting upon it, Mcllvaine, J., on page 15, says: “That the court, in this case, might have given the jury further instructions in relation to the question, may be conceded; but inasmuch as those given were unobjectionable, and the defendant did not specially request others, we must hold that it has no ground of complaint in this respect.” At the same term of this Court, the case of Schryver v. Hawkes & Bierce, 22 Ohio St., 309, was decided. In the latter case, the second section of the syllabus thus states the law: “Where the charge of the court is correct so far as it goes, but omits to state a proposition of law involved in the case, but to which its attention was not called, otherwise than by a general exception to the charge, the omission is not error for which the judgment will be reversed, provided the jury are not misled by the charge.”
This proposition is sanctioned in Pretzinger v. Pretzinger, 45 Ohio St., 452, and in Rolling Mill Co. v. Corrigan, 46 Ohio St., 283. We see by these authorities, the duty of the court, and also the duty of counsel in the trial of a cause, and this rule of duty is as *64 imperative upon one as upon the other. The court may neglect or omit to fully instruct upon some important issue or issues in the case, and in that event, comes the duty of counsel, in order that full and complete .justice be done, to call the attention of the court to such omission and request the further charge desired. In this case, nothing was said by counsel, aside from a general exception.
Before the amendment of Section 5298, Revised Statutes, passed April 25, 1898, a general exception to charge, partly sound and partly unsound, was of no avail. It was required of a party, that the exception point out the faulty or unsound parts, thus bringing them specifically before the court. By the amendment referred to, it is provided: “And a general exception taken to any charge of any court to a jury, shall apply to any and all errors of law which exist in such charge that are material and prejudicial to the substantial rights of the party excepting.”
This form of exception does not reach an omission or failure to give instructions, but only to errors of law existing in the charge as given. We have found no error existing in the charge as given by the trial court which was prejudicial to plaintiff in error.
It follows from all these considerations, that there is no reversible error in the record. We might say in conclusion that among the many reported cases decided by this Court, we have found no such judicial production as has been furnished in this case. Indeed it is unique almost beyond a parallel. We do not endorse it as a model, and its imitation in other ■cases might be exceedingly dangerous.

Judgment affirmed.

Burket, C. J., Spear, Davis, Shauck and Crew, JJ., concur.